IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02543-BNB

LIONEL KERSH,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City. On September 17, 2013, Mr. Kersh, acting *pro se*, submitted to the Court a motion (ECF No. 1) titled "motion to provide me the remaining amount of money I owe towards my filing fees."

    The Court reviewed the motion and determined it was deficient. Therefore, on October 16, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Kersh to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The October 16 order pointed out that Mr. Kersh failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and certificate of prison official, together with a certified copy of his trust fund account statement for the six-month period immediately

preceding this filing obtained from the appropriate prison official. The October 16 order also pointed out that Mr. Kersh failed to submit a Prisoner Complaint on the proper, Court-approved form. The order directed him to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The October 16 order warned Mr. Kersh that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice. In response to the October 16 order, Mr. Kersh filed on October 22, 2013, another motion (ECF No. 4) titled "motion to provide me the document I have already requested." Mr. Kersh has failed to cure the designated deficiencies within the time allowed.

The October 16 order also directed Mr. Kersh to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Kersh, on three or more prior occasions, has brought an action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted. *See Kersh v. Richardson*, No. 11-cv-01310-LTB (D. Colo. June 22, 2011) (dismissed as legally frivolous), *appeal dismissed*, No. 11-1540, 466 F. App'x 718 (10th Cir. Mar. 9, 2012) (affirming district

court dismissal as frivolous; assessing strike for purposes of § 1915(g)); *Kersh v. Mueller*, No. 11-cv-01992-LTB (D. Colo. Aug. 11, 2011) (dismissed as legally frivolous), *appeal dismissed*, No. 11-1394, 450 F. App'x 744 (10th Cir. Dec. 12, 2011) (affirming district court dismissal as frivolous; assessing a strike for purposes of § 1915(g). Each of these dismissals qualifies as a strike under § 1915(g). *See Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011). Mr. Kersh did not allege that he is in imminent danger of serious physical injury. Magistrate Judge Boland, therefore, found that Plaintiff had initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g) and that he was not under imminent danger of serious physical injury. Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*. Plaintiff failed to show cause why he should not be denied leave to proceed pursuant to § 1915(g) within the time allowed.

Therefore, the action will be dismissed without prejudice for Mr. Kersh's failure within the time allowed to cure the designated deficiencies as directed and his failure to show cause why he should not be denied leave to proceed pursuant to § 1915(g). Mr. Kersh may obtain the information he seeks, i.e., the remaining amount of money he owes towards his filing fees, from his correctional facility.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Kersh files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the instant action is dismissed without prejudice for the failure of Plaintiff, Lionel Kersh, within the time allowed to cure the deficiencies designated in the order of October 16, 2013, and for his failure to show cause in writing within the time allowed why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because:  (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim; and (2) he fails to assert that he is under imminent danger of serious physical injury.  It is

FURTHER ORDERED that the motions titled "motion to provide me the remaining amount of money I owe towards my filing fees" (ECF No. 1) and "motion to provide me the document I have already requested" (ECF No. 4) are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED November 25, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court